UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN and JANE DOE A, individually and as parents and next friends of DOE CHILD A, a minor; JOHN and JANE DOE B, individually and as parent and next friends of DOE CHILD B, a minor; <br><br> Plaintiffs, <br><br> v. <br><br> PLAINFIELD COMMUNITY CONSOLIDATED SCHOOL DISTRICT 202; MICHAEL MODERHACK, individually and as an agent of District 202; JON PEREIRO, individually and as an agent of District 202; VINCENT VASQUEZ, individually and as agent of DISTRICT 202; <br><br> Defendants. | Case No.: 1:21-cv-4460 <br> Judge: <br> Magistrate: |

**PLAINTIFFS' MOTION TO PROCEED WITH FICTITIOUS NAMES AND REDACT IDENTIFYING INFORMATION**

NOW COME the Plaintiffs, JOHN and JANE DOE A, individually and as Parents and Next Friends of DOE CHILD A, and JOHN and JANE DOE B, individually and as Parents and Next friends of DOE CHILD B, a minor (collectively "Plaintiffs"), by and through their attorneys, ROMANUCCI & BLANDIN, LLC, and for their Motion for Leave to Proceed with Fictitious Names and Redact Identifying Information, state as follows:

1. As set forth more fully in Plaintiffs' Complaint at Law, this cause of action arises from the physical and sexual assaults of DOE CHILD A and DOE CHILD B by other students at Plainfield Central High School.

2. Plaintiffs' DOE CHILD A and DOE CHILD B are minors.

3. To proceed anonymously, a party must demonstrate "exceptional circumstances" that outweigh the public policy in favor of open proceedings and any prejudice to the opposing party that would result from anonymity. *Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016).

4. "Fictitious names are allowed when necessary to protect the privacy of ….particularly vulnerable parties or witnesses." *Doe v. Blue Cross & Blue Shield United of Wisc.,* 112 F.3d 869, 872 (7th Cir. 1997).

5. Children are among those litigants who are regularly recognized as particularly vulnerable parties who should be allowed to proceed into litigation under a fictitious name. *Id.* at 377.

6. The public's interest in protecting the identities of sexual assault victims is strong so other victims will not be deterred in reporting similar crimes. *Doe No. 2 v. Kolko, 242 F.R.D. 193, 195* (E.D.N.Y. 2006).

7. As victims of bullying and hazing arising to physical and sexual assault, DOE CHILD A and DOE CHILD B present the very type of plaintiffs to whom anonymity within the court systems is afforded, due to the incredibly private, personal, and sensitive nature of their allegations.

8. Plaintiff's DOE CHILD A and DOE CHILD B's allegations arise from their membership on the Plainfield Central Football team, which is a limited number of students to whom the allegations of the complaint are widespread and well-known.

9. Federal Rule of Civil Procedure 5.2(a) provides parties leave to file redacted filings with the court that exclude the names of individuals known to be minors to replace said names with initials.

10. However, if Plaintiffs were to proceed with initials, given the small size of the Plainfield Central Football Program at different levels, the Plaintiffs would quickly expose their identities.

11. Plaintiffs' identities would not be protected with anything less than fictitious names.

12. Plaintiffs have both experienced retaliation for their teammate's suspicion that they may be involved in the pendant litigation and including details without redaction would greatly increase the bullying faced by Plaintiffs.

13. In *Advanced Textile* the court found that pseudonyms had been used by other courts to shield the anonymous parties from retaliation based on the following: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). The court held that the plaintiffs faced a greater threat of retaliation than the typical plaintiff and did not need to prove that they faced a danger of physical injury. *Id*. at 1071.

14. Here, Plaintiffs are severely threatened with continued bullying, hazing, and harassment at the hands of their peers that would interfere with their educations, Plaintiffs have been harassed by their teammates' aggressive search for their identities, and Plaintiffs are vulnerable in that they are minors and victims of assault.

15. Fictitious names would be appropriate for the Plaintiffs due to their age, the nature of the allegations, and their vulnerability to retaliation.

16. Defendants will not be prejudiced by allowing the Plaintiffs to proceed anonymously and it will not create any additional burden that the nature of the allegations themselves would not require.

17. Due to the highly personal nature of this matter, the use of Plaintiffs' names in court documents would bring further significant unwanted attention and publicity to DOE CHILD A and DOE CHILD B in Plaintiffs' community. Plaintiffs' interest in protecting DOE CHILD A and DOE CHILD B's identities outweighs any interest in the public knowing Plaintiff's legal name.

WHEREFORE, Plaintiffs, JOHN and JANE DOE A, individually and as parents and next friends of DOE CHILD A, a minor, and Plaintiffs, JOHN and JANE DOE B, individually and as parents and next friends of DOE CHILD B, a minor, respectfully request that this Honorable Court enter an order granting Plaintiffs leave to proceed with fictitious names and redact identifying information.

                                                    Respectfully Submitted,
                                                    ROMANUCCI & BLANDIN, LLC

                                                    By:/s Antonio Romanucci_____
                                                          Attorney for the Plaintiff

Antonio Romanucci
Bhavani Raveendran
Ian Fallon
ROMANUCCI & BLANDIN
321 N. Clark St.; Ste 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net
b.raveendran@rblaw.net
ifallon@rblaw.net