# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JOHN and JANE DOE A, individually and )
as parents and next friends of DOE CHILD )
A, a minor; and JOHN and JANE DOE B, )
individually and as parents and next friends )
of DOE CHILD B, a minor, )
                                               )
                      Plaintiffs, )
                                               )
                    v. )         21 C 4460
                                               )
PLAINFIELD COMMUNITY )
CONSOLIDATED SCHOOL DISTRICT )
202; MICHAEL MODERHACK, )
individually and as an agent of District 202; )
JON PEREIRO, individually and as an agent )
of District 202; and VINCENT VASQUEZ, )
individually and as an agent of District 202, )
                                               )
                    Defendants. )

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court grants Defendants' Motion.

## BACKGROUND

The following facts come from the Complaint and are assumed true for the purpose of this Motion. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir.

2013).  All reasonable inferences are drawn in Plaintiffs' favor.  *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

On October 17, 2019, Doe Child A and Doe Child B (collectively, the "Doe Children") were sexually assaulted by members of their football team at Plainfield Central High School ("Plainfield Central") in Plainfield, Illinois.  They were subjected to a longstanding, widespread, and well-known hazing ritual referred among the Plainfield Central football community as "Code Blue," which has existed since at least 2014.  Defendants Moderhack, Pereiro, and Vasquez (collectively, the "Defendant Coaches") were coaches of the football team at the time, and despite knowing about "Code Blue" and prior incidents where players were sexually assaulted, failed to monitor the locker rooms or put a stop to the attacks.

On the day of the attacks, a student told Vasquez the Doe Children were being attacked.  Vasquez informed Moderhack and Pereiro, and Vasquez and Pereiro went to the locker room but found it empty.  After the attacks, the Doe Children told the Defendant Coaches they had been subjected to "Code Blue" and described the assaults. In a meeting with parents after the assaults, Defendant Plainfield Community Consolidated School District 202 (the "District"), through its athletic director, admitted that coaches were required by school policy to monitor the locker rooms whenever students were present.

Defendants move under Rule 12(b)(6) to dismiss Plaintiffs' Complaint on numerous bases.  First, Defendants argue Plaintiffs failed to sufficiently allege willful

and wanton misconduct. Second, Defendants assert they have immunity from Plaintiffs' state law claims under various sections of the Illinois Tort Immunity Act. Third, Defendants contend the Doe Parents failed to allege any injuries of their own and their individual claims are barred by the one-year statute of limitations of the Tort Immunity Act. Fourth, Defendants argue Plaintiffs failed to allege facts that plausibly state a claim for a violation of their substantive or procedural due process rights, and further assert the Defendant Coaches have qualified immunity for the constitutional claims. Finally, Defendants contend Plaintiffs failed to allege sufficient facts to state a *Monell* claim against the District.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The Court accepts as true well pled facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the

grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if the complaint contains sufficient alleged facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

As detailed above, Defendants move to dismiss Plaintiffs' Complaint on multiple bases. The Court addresses each of these arguments in turn.

### I. Constitutional Claims

Section 1983 "provides a remedy for violations of federal rights committed by persons acting under the color of state law." *First Midwest Bank v. City of Chi.*, 988 F.3d 978, 986 (7th Cir. 2021). Thus, a Section 1983 claim requires that a constitutional injury exists. Here, Plaintiffs claim the Defendant Coaches violated their substantive and procedural due process rights under the Fourteenth Amendment.[1] Plaintiffs also pursue theories of liability against the District under *Monell*.

---

[1] Plaintiffs sue the three Defendant Coaches in both their individual and official capacities. Official capacity suits, however, are simply "another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). Accordingly, because the District has also been sued, any official-capacity claims are duplicative and are thus dismissed. *See, e.g.*, *Selmani v. Vill. of Bartlett*, 515 F. Supp. 3d 882, 888 (N.D. Ill. 2021).

## A. Substantive Due Process

"In contrast with procedural due process, substantive due process bars certain arbitrary, wrongful government actions regardless of the procedures used to implement them." *Doe v. Sch. Dist. U-46*, 2021 WL 3849635, at *4 (N.D. Ill. 2021). The Due Process Clause of the Fourteenth Amendment "is a restraint upon *governmental* action . . . [and] does not impose a duty on the state to protect against injuries inflicted by private actors." *First Midwest Bank*, 988 F.3d at. at 987 (emphasis in original). Its purpose is "to protect the people from the State, not to ensure that the State protect[s] them from each other." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). "The state does not have a due-process duty to protect against acts of private violence." *First Midwest Bank*, 988 F.3d at 987.

Pertinent here, a narrow exception[2] to the rule in *DeShaney* applies when the state created the danger. *See Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 916 (7th Cir. 2015) (granting Rule 12(b)(6) motion to dismiss claim of state-created danger). Under the state-created danger exception, "a plaintiff must show that the state affirmatively placed him in a position of danger and that the state's failure to protect him from that danger was the proximate cause of his injury." *First Midwest Bank*, 988 F.3d at 988 (citing *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). "Only the most egregious official conduct will satisfy this stringent inquiry."

---

[2] There is also a "special relationship" exception, *see D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015), but Plaintiffs do not argue this exception applies.

*Jackson v. Indian Prairie Sch. Dist. 204*, 653 F.3d 647, 654 (7th Cir. 2011). The rule of *DeShaney* cannot be circumvented by broadly interpreting what is meant by "increase" so as to erase the distinction between endangering and failing to protect. *Vill. of Arlington Heights*, 782 F.3d at 917. "Rather, when courts speak of the state's 'increasing' the danger of private violence, they mean the state *did something* that turned a potential danger into an actual one, rather than that it just stood by and did nothing to prevent violence." *Spruill as next friend of D.N.S. v. Bd. of Educ. of City of Chi.*, 2021 WL 1387949, at *3 (N.D. Ill. 2021) (cleaned up); *see also Estate of Her v. Hoeppner*, 939 F.3d 872, 876 (7th Cir. 2019) (describing the state-created danger exception as applying "when a public official '*affirmatively* places a particular individual in a position of danger the individual would not otherwise have faced'") (emphasis added).

Even if the state-created danger exception to *DeShaney* applies, there is no violation of an individual's due process rights unless the state actor's conduct "shocks the conscience." *King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 818 (7th Cir. 2007). This means that the state actor's conduct must be truly "'egregious'"; "[m]aking a bad decision, or even acting negligently, does not suffice to establish the type of conscience-shocking behavior that results in a constitutional violation." *Jackson v. Indian Prairie Sch. Dist. 204*, 653 F.3d 647, 654-55 (7th Cir. 2011) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)); *see also Estate of Her*, 939 F.3d at 876 ("[C]onscience-shocking conduct . . . requires a culpable state of mind

equivalent to deliberate indifference.  Elsewhere we've referred to this as a requirement of criminal recklessness.") (citation omitted).

Plaintiffs cite *Sandra T.E. v. Sperlik* for the proposition that, notwithstanding *DeShaney*, "a substantive due process claim can stand where the plaintiff puts forth enough evidence to demonstrate that an individual defendant turned a blind eye to constitutional violations thereby allowing a climate to flourish where innocent students are victimized."  639 F. Supp. 2d 912, 921 (N.D. Ill 2009), *aff'd sub nom. T.E. v. Grindle*, 599 F.3d 583 (7th Cir. 2010) (citing *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 730 (3d Cir. 1989), *cert. denied*, 493 U.S. 1044 (1990)).  The key distinguishing factor in the cases[3] relied upon by Plaintiffs, however, is that the abuse in those cases was perpetrated by a state actor, not another student.  Those cases must be limited to their facts.  *See Doe v. Riverside-Brookfield Twp. High Sch. Dist. 208*, 1995 WL 680749, at *5 (N.D. Ill. 1995).

The Court finds persuasive Judge Feinerman's considered opinion in *Spruill*, a case with a similar factual scenario.  In that case, a student was sexually assaulted in a school bathroom by another student.  2021 WL 1387949, at *1. The plaintiff alleged he was not the first victim, and many school administrators and the school board were

---

[3] Namely, *Sandra T.E.*, *Stoneking*, and *J.O. v. Alton Cmty. Unit Sch. Dist. 11*, 909 F.2d 267 (7th Cir. 1990). Notably, the Third Circuit later clarified that the "linchpin" of *Stoneking* was a violation by state actors. *See D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1376 (3d Cir. 1992). *Middle Bucks* involved allegations that several of the plaintiffs' fellow students physically, verbally, and sexually molested the plaintiffs.  The complaint further alleged that the school defendants had knowledge of the abuse and maintained a policy of laxity toward the conduct.  The court held that Section 1983 liability "may not be predicated upon a [*Stoneking*] type theory because private actors committed the underlying violative acts." *Id.*

aware of at least one prior assault accusation against the student. *Id.* Despite this awareness, the plaintiff alleged, the defendants failed to take any action to remove the student from the school, to monitor him in order to prevent another attack, or to discipline him for his prior assault(s). *Id.* In her substantive due process claim, the plaintiff claimed the defendants, by failing to discipline or monitor the accused, and by neglecting to ensure school bathrooms were safe, violated the plaintiff's rights by "creat[ing] and/or increas[ing] the risk that [he] would be physically harmed." *Id.* at *2.

Judge Feinerman concluded the plaintiff failed to allege a violation of her due process rights, as the complaint failed to satisfy the first requirement of the state-created danger theory because it did not allege any affirmative acts:

> The most the complaint alleges of any defendant is *awareness* of D.R.'s proclivity for sexual violence and *inaction* as to measures that might have protected D.N.S. from further violence by D.R. Specifically, the complaint alleges that the Board and four Individual Defendants "w[ere] aware of at least one" prior incident involving D.R., but that they "took no action." Missing is any allegation of an *affirmative* act by any defendant. The complaint's gist, in short, is that school officials knew that a certain student was a predator but stood idly by, thus leading to another attack. That conduct . . . does not rise to the level of a due process violation under Seventh Circuit precedent interpreting *DeShaney*.

*Id.* at *3 (cleaned up) (emphasis in original).

In Plaintiffs' view, they "need only allege that the defendants knew about 'Code Blue', yet failed to follow the District's mandatory locker room supervision policy and failed to take action to put a stop to 'Code Blue' despite knowledge of specific prior

sexual assaults." Dkt. # 18, at 24. Not so. These allegations do not amount to affirmative acts which turned a potential danger into an actual one. Generally, for the state created danger exception to apply, the victim must be "safe before the state intervenes and unsafe afterward." *Sandage v. Bd. of Comm'rs of Vanderburgh Cnty.*, 548 F.3d 911, 917 (7th Cir. 2008); *see also Spruill*, 2021 WL 1387949, at *5.

"[C]ourts have held routinely that a school's failure to prevent student-on-student harassment, assault, and bullying is not a state-created danger." *See, e.g., Brookman v. Reed-Custer Cmty. Unit, Sch. Dist. 255-U*, 2019 WL 4735395, at *7 (N.D. Ill. 2019) (citing *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798–99 (7th Cir. 2015) (finding "inaction or ineffective response to . . . bullying" did not constitute state-created danger); *Doe v. Evergreen Park Elementary Sch. Dist. 124*, 2017 WL 6731867, at *6– 7 (N.D. Ill. 2017) (same); *Riverside-Brookfield*, 1995 WL 680749, at *5–6 (N.D. Ill. 1995) (same); *Morgan v. Town of Lexington, Mass.*, 823 F.3d 737, 744 (1st Cir. 2016) ("An alleged failure of the school to be effective in stopping bullying by other students is not action by the state to create or increase the danger."); *Morrow v. Balaski*, 719 F.3d 160, 177–79 (3d Cir. 2013) (holding choice to suspend rather than expel bully did not constitute state-created danger); *Martin v. E. St. Louis Sch. Dist, #189*, 2016 WL 1718332, at *3 (S.D. Ill. 2016) (dismissing due process claim in part because school's failure to apply certain policies did not create or increase the danger that student would be raped).

Plaintiffs also rely on *Eilenfeldt*, but key facts in that case are distinguishable from the allegations here. *Eilenfeldt v. United C.U.S.D. #304 Bd. of Educ.*, 30 F. Supp. 3d 780 (C.D. Ill. 2014). In *Eilenfeldt*, the plaintiff alleged not only that the school officials responded inadequately to the plaintiff's bullying, but that the "administrators and teachers facilitated ongoing bullying of [the plaintiff] by . . . actively encouraging bullying[ ] and punishing [the plaintiff] for defending himself while being bullied." *Id.* at 784. In concluding the plaintiff's allegations were sufficient to survive a motion to dismiss, the court explained that he did base his entire substantive due process claim on a failure to protect from third parties, but also alleged "the participation of school employees in [his] bullying." *Id.* at 790. As noted above, here, unlike in *Eilenfeldt*, Plaintiffs do not allege that Defendants participated in the assaults in any way much less that they "actively encourag[ed]" the assaults or punished the Doe Children for reporting the assaults. *Id.* at 784. *Eilenfeldt* is thus unpersuasive here.

The Court recognizes that the line between action and inaction is not always easily drawn; however, Plaintiffs' Complaint focuses on the Defendant Coaches' inaction (i.e., failed to observe and monitor the Doe Children and the locker room; failed to follow District policies). Again, failing to prevent the harm is simply not the same as creating or increasing the risk of harm, which is a fundamental requirement for this type of substantive due process claim. *See Henderson v. Dekalb Cmty. Unit Sch. Dist. 428*, 2021 WL 2681911, at *4 (N.D. Ill. 2021). Even drawing all reasonable inferences

as Plaintiffs' favor, the state-created danger exception does not apply here. Counts V and VI are dismissed, without prejudice.

### B. Procedural Due Process

Plaintiffs also bring claims against the Defendant Coaches for violations of their procedural due process rights. The allegations in these claims are identical to the substantive due process claims, save for the title of the counts. Plaintiffs assert the Doe Children were deprived of their right to education. More specifically, Plaintiffs argue Defendants' "failure to use the disciplinary framework *at all* despite knowledge of 'Code Blue' and ongoing sexual assaults in the Plainfield Central Football Team, [] deprived Plaintiffs of their Procedural Due Process rights." Dkt. # 18, at 27.

Procedural "due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, [or] property." *Zinermon v. Burch*, 494 U.S. 113, 125–26 (1990). Thus, a procedural due process claim "is not complete" when the plaintiff has been deprived of life, liberty, or property. *Id.* at 126. Rather, the court must "ask what process the state provided and whether it was constitutionally adequate." *Id.* Property interests protected by procedural due process "are not inherent in the Constitution; '[r]ather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'" *Cheli v. Taylorville Cmty. Sch. Dist.*, 986 F.3d 1035, 1039 (7th Cir. 2021) (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)) (other citation omitted).

"A procedural due process claim requires a two-fold analysis. First, [the Court] must determine whether the plaintiff was deprived of a protected interest; second, [the Court] must determine what process is due." *Leavell v. Ill. Dep't of Nat. Res.*, 600 F.3d 798, 804 (7th Cir. 2010). "To show a failure of due process, a plaintiff might show that state procedures as written do not supply basic due process or that state officials acted in a random and unauthorized fashion in depriving the plaintiff of his protected interest." *Strasburger v. Bd. of Educ., Hardin Cnty. Cmty. Unit Sch. Dist. No. 1*, 143 F.3d 351, 358 (7th Cir. 1998).

True, high school students have a property interest in their public education because state law entitles them to receive one. *See Doe v. Purdue Univ.*, 928 F.3d 652, 660 (7th Cir. 2019) (citing *Goss v. Lopez*, 419 U.S. 565, 576–74 (1975)). But Plaintiffs have cited no case law to support their claim that procedural due process affords Plaintiffs a right to have *other* students disciplined. Plaintiffs allege "Defendants failed to utilize the *existing* disciplinary framework against the student perpetrators prior to the sexual assaults of Doe Child A and Doe Child B, which resulted in no discipline being handed out to the perpetrators in advance of their attack." Dkt. # 18, at 28 (emphasis in original). Plaintiffs are not alleging the state procedures do not supply basic due process; their focus is on the state's failure to follow its own procedures as they apply to *other* students, not Plaintiffs. And, even assuming Plaintiffs adequately alleged the Doe Children's due process rights were violated, they have not alleged that the state provides inadequate post-deprivation remedies. *See Strasburger*, 143 F.3d at

358 ("Strasburger has not alleged or shown that Illinois post-deprivation remedies are lacking. Therefore, Strasburger has not made out a procedural due process violation that necessitates a federal remedy."). Counts VII and VIII are dismissed, without prejudice.

### C. *Monell* Claims

A municipal entity like the District cannot be found liable under *Monell* where there is no underlying constitutional violation by a municipal employee. *D.S.*, 799 F.3d at 800. Because Plaintiffs have not shown a violation of their constitutional rights under the Due Process clause of the Fourteenth Amendment as set forth above, the District cannot be held liable under *Monell*. *See id*. Counts IX and X are dismissed, without prejudice.

### D. The Doe Parents' Individual Claims

Finally, although the Doe Parents claim to be suing on their own behalf as well as on behalf of the Doe Children, they fail to allege any facts to support a claim for their own constitutional injuries. Therefore, the individual claims of the Doe Parents are dismissed.

## II.    Illinois State Law Claims

Because the Court grants Defendants' motion to dismiss Plaintiffs' constitutional claims, the Court does not have subject matter jurisdiction, and thus declines to exercise its supplemental jurisdiction over Plaintiffs' state law claims. 28 U.S.C. § 1367(c)(3).

## **CONCLUSION**

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss [13] in its entirety without prejudice. It is so ordered.

Dated: January 19, 2022

Charles P. Kocoras
United States District Judge