UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN and JANE DOE A, individually and as parents and next friends of DOE CHILD A, a minor; and JOHN and JANE DOE B, individually and as parents and next friends of DOE CHILD B, a minor, <br><br> Plaintiffs, <br><br> v. <br><br> PLAINFIELD COMMUNITY CONSOLIDATED SCHOOL DISTRICT 202; MICHAEL MODERHACK, individually and as an agent of District 202; JON PEREIRO, individually and as an agent of District 202; and VINCENT VASQUEZ, individually and as an agent of District 202, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 21 C 4460 |

### MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court grants Defendants' Motion.

### BACKGROUND

The following facts come from the FAC and are assumed true for the purpose of this Motion. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All

reasonable inferences are drawn in Plaintiffs' favor. *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

On October 17, 2019, Doe Child A and Doe Child B (collectively, the "Doe Children") were sexually assaulted by members of their football team at Plainfield Central High School ("Plainfield Central") in Plainfield, Illinois. They were subjected to a known hazing ritual referred to among the Plainfield Central football community as "Code Blue," which has existed since at least 2014. Defendants Moderhack, Pereiro, and Vasquez (collectively, the "Defendant Coaches") were coaches of the football team at the time, and despite knowing about "Code Blue" and prior incidents where players were sexually assaulted, failed to monitor the locker rooms or put a stop to the attacks.

On the day of the attacks on the Doe Children, a student told Vasquez the Doe Children were being attacked in the locker room. Vasquez informed Moderhack and Pereiro, and Vasquez and Pereiro went to the locker room but found it empty. After the attacks, the Doe Children told the Defendant Coaches they had been subjected to "Code Blue" and described the assaults. In a meeting with parents after the assaults, Defendant Plainfield Community Consolidated School District 202 (the "District"), through its athletic director, admitted that coaches were required by school policy to monitor the locker rooms whenever students were present.

Plaintiffs allege upon information and belief that four of the students who participated in the "Code Blue" were punished with a mere three-day suspension. Other participants received no punishment at all. The Doe Children continue to experience

harassment since the assaults. Doe Child A has been called a "sissy", had students tell him that "nobody raped" him, and has been ridiculed because he "went and cried rape." Doe Child B has been subjected to similar harassment, including his peers chanting "broomstick" at him while competing in basketball games. Members of the football team have threatened Doe Child B by saying "we're going to crush your head in." Since the occurrence, the District refused to sign a release that would allow Doe Child B to compete for another team, and refused to grant a transfer request from Doe Child A.

Based on these events, Plaintiffs bring state law claims for willful and wanton conduct; claims for violations of substantive and procedural Due Process rights under 42 U.S.C. § 1983; *Monell* claims; and claims for violations of Title IX, 20 U.S.C. § 1681 *et seq.*[1] Defendants move under Rule 12(b)(6) to dismiss Plaintiffs' Title IX and state law claims.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The Court accepts as true well pled facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). The allegations in the complaint must set forth a "short and

---

[1] The Section 1983 claims were dismissed from the original complaint and are re-pled in the FAC for purposes of appeal. Thus, for the reasons stated in the Court's January 19, 2022 Memorandum Opinion (Dkt. # 20), Counts V through X are dismissed and not addressed in this Memorandum Opinion.

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if the complaint contains sufficient alleged facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## DISCUSSION

As detailed above, Defendants move to dismiss Plaintiffs' FAC on multiple bases. The Court addresses each of these arguments in turn.

### I. Title IX Claims

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). And "in certain limited circumstances," a school

4

may be held liable in cases of peer-on-peer harassment. *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 643 (1999). The Supreme Court, however, has set a "high bar for plaintiffs seeking to hold schools and school officials liable" for such harassment. *Doe v. Galster*, 768 F.3d 611, 616 (7th Cir. 2014). "To prove a Title IX sexual-harassment claim between students, a plaintiff must demonstrate that the school was 'deliberately indifferent to sexual harassment, of which they have actual knowledge, that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school.'" *Johnson v. Ne. Sch. Corp.*, 972 F.3d 905, 911 (7th Cir. 2020) (quoting *Davis*, 526 U.S. at 650). Because there is no vicarious liability under Title IX, Plaintiffs must adequately allege that a school official with authority to take corrective measures on the Institutional Defendants' behalf had actual notice of and was deliberately indifferent to sexual harassment. *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998); *Doe v. Bd. of Educ. of City of Chi.*, 2020 WL 1445638, at *3 (N.D. Ill. 2020).

Defendants move to dismiss Plaintiffs' Title IX claims because the facts do not plausibly suggest that the District had actual notice of harassment prior to the date of the attack, and once it was notified that harassment took place, the District's response was not deliberately indifferent. Defendants further argue the facts do not plausibly suggest the Doe children were harassed based on their sex.

As an initial matter, the Defendant Coaches are not grant recipients, and therefore are not proper defendants to a Title IX claim. The Seventh Circuit has held that "a Title

IX claim can only be brought against a grant recipient and not an individual." *Smith v. Metro. Sch. Dist. Perry Twp.*, 128 F.3d 1014, 1019 (7th Cir. 1997). Therefore, Counts XI and XII are dismissed with prejudice as to the Defendant Coaches in their individual capacities.[2] *See Moore v. Freeport Cmty. Unit Sch. Dist. No. 145*, 2021 WL 5179917, at *6 (N.D. Ill. 2021) (dismissing Title IX claim against individual teachers and administrators).

### A. Sexual Harassment So Severe, Pervasive, and Objectively Unreasonable that it Deprived the Doe Children of Educational Opportunities

The threshold question in this case is whether the alleged harassment can be properly characterized as sexual harassment within the meaning and scope of Title IX. If so, the harassment must also have been "so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." *Davis*, 526 U.S. at 650.

#### 1. Sexual Harassment on the Basis of Sex

Plaintiffs have alleged sufficient facts to reasonably support an inference of gender-motivated harassment. This is a same-sex harassment case involving sexually violent hazing by the Doe Children's teammates. Discerning the impetus for such behavior "depends on a constellation of surrounding circumstances, expectations, and relationships including, but not limited to, the ages of the harasser and the victim and

---

[2] To the extent the Count XI and XII, or any of the other claims, are brought against the Defendant Coaches in their official capacities, those claims are dismissed because a suit against the Defendant Coaches in their official capacities is, in essence, a suit against the District. *Lanigan v. Vill. of E. Hazel Crest*, 110 F.3d 467 (7th Cir. 1997).

the number of individuals involved." *Davis*, 523 U.S. at 651. When determining whether the team's hazing in this case can be construed as the type of harassment proscribed by Title IX, "one does not have further than the sexual assaults sitting at the core of this lawsuit." *See Doe v. Hamilton Cnty. Bd. of Educ.*, 329 F. Supp. 3d 543, 560 (E.D. Tenn. 2018) (hazing practice involving upperclassmen using pool cues to sodomize or simulate sodomy on freshman players). The assaults in this case, which involved upperclassmen using broomsticks to sodomize freshman players, create a "factual inference that the team's hazing amounted to sexual harassment contemplated by Title IX, meaning it was carried out 'on the basis of' [the Doe Children's] sex." *See id.*; *Doe B v. Chandler Unified Sch. Dist.*, 2018 WL 8261180 (D. Ariz. 2018) (hazing involved penetrating buttocks with highlighters and broomsticks). The motivation behind the assaults in this case is a context-driven, fact-intensive inquiry that cannot be resolved on the pleadings alone, and therefore the Court offers no opinion on the ultimate merits of the case or whether Plaintiffs as a matter of law will be able to prove the Doe Children were harassed on the "basis of sex." But for now, the FAC's allegations are enough to get Plaintiffs past this this threshold inquiry.

### 2. Deprivation of Educational Benefits

At the motion to dismiss stage, the Court relies only on the allegations in the FAC and asks whether they give rise to a plausible inference that the alleged harassment affected the Doe Children's education opportunities. It does not have the benefit of a full factual record on which to base its decision. *Doe I v. Bd. of Educ. of City of Chi.*,

364 F. Supp. 3d 849, 860 (N.D. Ill. 2019). "Examples of a negative impact on access to education may include dropping grades, becoming homebound or hospitalized due to harassment, or physical violence." *Gabrielle M. v. Park Forest-Chi. Heights*, 315 F.3d 817, 823 (7th Cir. 2003) (internal citations omitted). The ongoing harassment the Doe Children are subjected to, along with the District's refusal to grant transfer requests, taken as a whole, plausibly describe severe and pervasive conduct.

### B. Actual Knowledge & Deliberate Indifference

Next, Title IX requires Plaintiffs to allege the school was deliberately indifferent to *known* acts of harassment. *See Davis*, 526 U.S. at 633.

#### 1. Actual Knowledge

Applying the actual notice standard under *Davis* is ultimately a matter of who knew what and when. The Seventh Circuit has held that "[s]chool administrators have actual knowledge only of the incidents that they witness or that have been reported to them." *Galster*, 768 F.3d at 617–18 (citations omitted). Importantly, "[t]he Supreme Court has flatly rejected applying a 'knew or should have known' standard to Title IX claims." *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 605 (7th Cir. 2008) (citations omitted); *see also Galster*, 768 F.3d at 617–18 ("School administrators certainly cannot escape liability by putting their heads in the sand," but the "standard set out in *Davis* is not satisfied by knowledge that something might be happening and could be uncovered by further investigation. The standard is 'actual knowledge.'").

Where a school official learns of sexual harassment against a plaintiff only *after* the fact, they do not have "actual" notice or knowledge within the meaning of Title IX. *See, e.g.*, *Doe v. St. Francis Sch. Dist.*, 694 F.3d 869, 872–73 (7th Cir. 2012) (school officials who heard only *suspicions* of sexual misconduct, and then only learned about teacher's sexual abuse of victim after-the-fact, did not have "actual knowledge" under Title IX); *Trentadue v. Redmon*, 619 F.3d 648, 653 (7th Cir. 2010) (no actionable knowledge where school officials only found out about instructor's sexual abuse of student several weeks later). Title IX does not permit institutional liability based solely on knowledge of the risk of future misconduct. *C.S. v. Madison Metro. Sch. Dist.*, 2022 WL 1466249, at *1 (7th Cir. 2022) (en banc).

In the FAC, Plaintiffs generally allege the Defendant Coaches knew that senior members of the football team would subject freshmen members to the "Code Blue" hazing ritual, and this practice was known to the Defendant Coaches as far back as 2014. Plaintiffs further allege that the Defendant Coaches "knew or should have known" the football team "had a long-standing custom, tradition, or practice of assaulting team members in a sexual manner." These allegations are wholly conclusory and, as noted above, the Supreme Court flatly rejected the "knew or should have known" standard in Title IX claims.

Notably, Plaintiffs do not allege that there had been prior complaints of sexual assault made to the Defendant Coaches or any other school or District administrator. Plaintiffs allege that two unidentified freshman football players were subjected to

9

"Code Blue" the day before the Doe Children were assaulted, and another was attacked the same day. But they do not allege the District or Defendant Coaches had actual knowledge of these other assaults. Plaintiffs do allege: (1) that the Defendant Coaches "recognized the term 'Code Blue' and knew that it referred to specific prior instances of sexual assault of Freshmen members of the Plainfield Central Varsity Football team"; and (2) that it was Defendant Vasquez's actual knowledge "of specific prior instances of sexual assault of team members" that caused him to immediately call Defendant Moderhack on the phone and report the "Code Blue" before traveling to the locker room to investigate. Dkt. # 23, ¶¶ 88–90. These allegations, however, without more, do not "nudge" Plaintiffs' claims "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680; *see also Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) ("At the motion to dismiss stage, plaintiffs must set forth adequate factual detail to lift their claims from mere speculative possibility to plausibility.") (cleaned up).

One additional point. Remember, because there is no vicarious liability under Title IX, Plaintiffs must adequately allege that a school official with authority to take corrective measures on behalf of Institutional Defendants had actual notice of and was deliberately indifferent to sexual harassment. *See Gebser*, 524 U.S. at 290. Plaintiffs here have only alleged the Defendant Coaches had actual knowledge of "Code Blue"; they have not identified a school official with the appropriate authority to take action who witnessed or was told about an attack prior to October 17, 2019, and then failed to take action. This is fatal to their claim.

10

### 2. Deliberate Indifference

Because Plaintiffs' FAC fails to satisfy the actual knowledge requirement of a Title IX claim, we need not address whether Defendants were deliberately indifferent to the harassment.

## II. Illinois State Law Claims

Because the Court grants Defendants' motion to dismiss Plaintiffs' federal claims, the Court does not have subject matter jurisdiction, and thus declines to exercise its supplemental jurisdiction over Plaintiffs' state law claims. 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss [24] and dismisses Plaintiffs' FAC in its entirety without prejudice. Defendants' Motion for Leave to Cite Additional Authority [32] is denied as moot. Civil case terminated. It is so ordered.

Dated: May 24, 2022

_____
Charles P. Kocoras
United States District Judge